*In re* CONTEMPT OF WARRINER

PEOPLE OF THE CITY OF DETROIT v WARRINER

Docket No. 52550. Submitted December 8, 1981, at Lansing.—Decided February 19, 1982. Leave to appeal applied for.

John Warriner was found in contempt of court, Recorder's Court of Detroit, Traffic and Ordinance Division, M. John Shamo, J. Warriner was a spectator at a hearing and, upon conclusion of the hearing, he raised his fist and began shouting. He was immediately found to be in contempt and sentenced to jail. He appeals, alleging that summary contempt was improperly charged because his behavior did not occur during the "sitting of the court" and did not interrupt any judicial proceedings, that the summary procedure violated his right to due process, and that his conduct amounted to constitutionally protected symbolic speech. *Held:*

1. The term "sitting of the court", as used in the contempt statute, is accorded a broad meaning, and encompasses more than strictly the gavel-to-gavel functioning of the court. Warriner's conduct here occurred during the "sitting of the court", while the judge was still in the courtroom and in the judge's immediate view and presence.

2. The contempt statute encompasses behavior which directly tends to impair the respect due the authority of the court. Warriner's conduct was found to have impugned the dignity of the court, and thus is within the statute.

3. Summary contempt proceedings do not violate the right to due process of law for lack of a hearing before a different judge.

4. Disruptive, contemptuous behavior in a courtroom is not constitutionally protected symbolic speech.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 42-50.
[2, 3] 20 Am Jur 2d, Courts § 79.
[3] 17 Am Jur 2d, Contempt § 89.
[4] 17 Am Jur 2d, Contempt § 58.

1. COURTS — SITTING OF THE COURT.

   The term "sitting of the court" is normally accorded a very general meaning, synonymous with the part of the year or the time prescribed by law for judicial business; the phrase need not be limited to the period of a court's gavel-to-gavel functioning.

2. CONTEMPT — DISORDERLY CONDUCT — SITTING OF THE COURT.

   Disorderly conduct of a courtroom spectator which occurred immediately following a hearing, while the judge was still in the courtroom and within the judge's immediate view and presence, occurred during the "sitting of the court".

3. CONTEMPT — SUMMARY PUNISHMENT — DUE PROCESS.

   Summary conviction and punishment for contempt which occurs in the court's immediate view and presence does not violate the contemnor's right to due process of law for lack of a hearing before a different judge.

4. CONTEMPT — PROTECTED SPEECH.

   Disruptive, contemptuous behavior in a courtroom is not constitutionally protected symbolic speech.

*Sylvester Delaney,* Acting Corporation Counsel, *Alfred Sawaya,* Supervising Attorney, and *Mary Jane Liddy,* for the City of Detroit.

*Robert J. Katz,* for defendant.

Before: MacKENZIE, P.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Defendant was found in contempt of court and was summarily sentenced to 30 days in jail. Defendant appeals as of right.

On July 7, 1980, defendant was an observer in a courtroom of the Detroit Recorder's Court during a hearing to set bond for defendant's friend, Edmond Desmond, Jr. After the amount of the bond was determined, Desmond and several other individuals (charged with similar offenses) were led out of the courtroom by police officers. During this pro-

cession, and in full view of the judge, defendant raised his fist in the air and began shouting. The court then ordered defendant to stand before him on the charge of contempt. The following colloquy occurred:

"What is you name?
"*Mr. Warriner:* John Warriner.
"*The Court:* You know court is here. You're not out on the streets. When you're in this courtroom you keep the dignity of this courtroom. That means no talking, no noise.
"*Mr. Warriner:* I didn't make any noise.
"*The Court:* You didn't, huh?
"*Mr. Warriner:* No.
"*The Court:* I heard you and I saw you raise your clenched fist also in support of those leaving, yelling. Is that correct, yes or no?
"*Mr. Warriner:* No, it's not.
"*The Court:* It isn't? I hold you in contempt of court. Thirty days in Wayne County Jail. That's committed in my presence."

The order entered by the judge reads as follows:

"That one John Warriner of 32960 Parkdale, Wayne, Michigan, appeared in the courtroom of the Honorable Judge M. John Shamo on the seventh day of July, 1980, and did create a disturbance by saluting and shouting in the courtroom and raising his first in the air as prisoners were being lead *[sic]* out of the courtroom by police officers; that the actions and conduct of the aforesaid John Warriner disrupted the decorum and orderly procedures of the court whereupon the defendant was found guilty of contempt of court committed in the presence of the court and sentenced to serve thirty (30) days at the Detroit House of Correction."

On appeal, defendant initially contends that a summary contempt charge was improperly

brought because his behavior did not occur during the "sitting" of the court and it did not interrupt any judicial proceedings. We find these arguments unpersuasive.

MCL 600.1701; MSA 27A.1701, provides, in part:

"Supreme court, circuit courts, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in the following cases:

"(1) Disorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due to its authority * * *."

Summary punishment for contempt is available under MCL 600.1711(1); MSA 27A.1711(1):

"When any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both."

Defendant argues that because the court had adjourned the bond proceeding it was no longer "sitting". We decline to construe this term so narrowly. The word "sitting" is defined in very broad terms as follows:

"SITTING. In English law. *The part of the year* in which judicial business is transacted. A session or term of court; usually plural. *People v Higgins,* 173 Misc 96; 15 NYS2d 302, 310 [1939]." (Emphasis supplied.) Black's Law Dictionary (4th ed, 1968), 1557.

"Session" is defined as:

"The sitting of a court, Legislature, council, commission, etc., for the transaction of its proper business. Hence, the period of time, within any one day, during

which such body is assembled in form, and engaged in the transaction of business, or, in a more extended sense, the whole space of time from its first assembling to its prorogation or adjournment *sine die. Ralls v Wyand,* 40 Okla 323; 138 P 158, 162 [1914]." Black's Law Dictionary (4th ed, 1968), 1536.

"Term of court" is given the following definition:

"When used with reference to a court, signifies the space of time during which the court holds a session. A *session* signifies the time during the term when the court sits for the transaction of business, and the session commences when the court convenes for the term, and continues until final adjournment, either before or at the expiration of the term. *The term of the court is the time prescribed by law during which it may be in session.* The session of the court is the time of its actual sitting." (Emphasis supplied.) Black's Law Dictionary (4th ed, 1968), 1640.

From the foregoing, it is clear that the phrase "the sitting of the court" is normally accorded a very general meaning, synonymous with the part of the year or the time prescribed by law for judicial business. Contrary to defendant's contention, the phrase need not be strictly limited to the period of a court's gavel-to-gavel functioning. Under the wording of the statute itself, the factor which limits behavior defined as contempt is provided by the language which requires that the contemptuous acts be committed "in * * * [the court's] immediate view and presence". In a discussion concerning an identically worded statute, the Supreme Court stated:

"*While the court, under this statute, may be considered as sitting from the beginning of its session until the end thereof,* yet the words 'immediate view and presence' are words of limitation, and exclude the idea

of constructive presence. The immediate view and presence does not extend beyond the range of vision of the judge, and the term applies only to such contempts as are committed in the face of the court. Of such contempts, he may take cognizance of his own knowledge, and may proceed to punish summarily such contempts, basing his action entirely upon his own knowledge. All other alleged contempts depend solely upon evidence, and are inferences from fact, and the foundation for the proceedings to punish therefor must be laid by affidavit. How Stat §§ 7236, 7258, 7259." (Emphasis supplied.) *In re Wood*, 82 Mich 75, 82; 45 NW 1113 (1890).

Therefore, the adjournment of one individual proceeding in that day's judicial business does not mean that the court was no longer "sitting" under the broad meaning generally given this term. Further, the disorderly behavior in the present case occurred while the judge was still in the courtroom and it was within his immediate view and presence. We rule that defendant's contemptuous behavior occurred during the sitting of the court.

Defendant's further argument that there was no contempt because he did not interrupt any proceedings must also be rejected. The statute encompasses disorderly behavior "directly tending to * * * impair the respect due to its authority". During the contempt proceeding in the present case, the court made a specific reference to defendant's behavior as impugning the dignity of the court. Since defendant's conduct fit within this provision of the statute, his actions did constitute contemptuous behavior.

Defendant also contends that his due process rights were violated because the contempt charge was not heard by a different judge. We disagree.

Summary conviction and punishment for contempt which occurs in the court's immediate view and presence is explicitly provided for by statute. MCL 600.1711; MSA 27A.1711. The United States

Supreme Court has long held that such summary punishment accords due process of law. *Fisher v Pace,* 336 US 155; 69 S Ct 425; 93 L Ed 569 (1949), *Ex Parte Terry,* 128 US 289; 9 S Ct 77; 32 L Ed 405 (1888). This power is essential to preserve the authority of the courts and to prevent the administration of justice from falling into disrepute.

In support of his contention concerning a deprivation of due process, defendant relies on a statement by this Court in *People v Kurz,* 35 Mich App 643, 660; 192 NW2d 594 (1971), that:

"* * * in the absence of circumstances necessitating immediate corrective action a person accused of contempt by a trial judge should be tried before a different judge, one not involved in the subject matter of the contempt or in the citation of the contemnor."

However, the instant case fits squarely within the exception noted by the *Kurz* Court, *i.e.,* circumstances necessitating immediate corrective action. Defendant's outburst occurred directly after a bond hearing and in the presence of the judge. The record supports the trial court's conclusion that summary punishment was required in order to restore order in the courtroom and to ensure respect for the judicial process itself. Under such circumstances, there was no need for a hearing before a different judge.

Finally, defendant argues that his conduct amounted to constitutionally protected symbolic speech. We are not so persuaded. Disruptive, contemptuous behavior in a courtroom is not protected by the constitution. See *Cox v Louisiana,* 379 US 559; 85 S Ct 476; 13 L Ed 2d 487 (1965) (a state may adopt safeguards necessary and appropriate to assure that the administration of justice at all stages is free from outside control and influence).

Affirmed.