## PEOPLE v AHUMADA

Docket No. 175664. Submitted November 12, 1996, at Grand Rapids. Decided April 4, 1997, at 9:30 A.M. Leave to appeal sought.

Hymen L. Ahumada was convicted by a jury in the Muskegon Circuit Court, Michael J. Kobza, J., of assault with intent to murder and assault with a dangerous weapon and, subsequently, pleaded guilty of being an habitual offender, fourth offense. During the selection of the jury, the defendant moved to dismiss his attorney because of an alleged personality conflict. The court denied the motion, holding that the defendant was attempting to cause error by his repeated interruptions of the selection process. On the following morning, the defendant moved to represent himself; however, during questioning by the court, the defendant indicated that he wanted another attorney appointed. The court refused to appoint new counsel, held that the defendant had not intelligently waived his right to counsel, and indicated its belief that the defendant had made the motion to represent himself for surreptitious reasons and that allowing the defendant to represent himself would be an undue inconvenience and burden on the court. During the course of the trial, the defendant refused to obey the court's orders and, after being warned by the court, was held in contempt of court and summarily punished. The defendant appealed.

The Court of Appeals *held*:

1. Before granting a defendant's request to proceed in propria persona, a trial court must substantially comply with the waiver of counsel procedures set forth in *People v Anderson*, 398 Mich 361 (1976), and MCR 6.005(D). Substantial compliance requires that the court discuss with the defendant the requirements set forth in *Anderson* and the court rule and determine whether the defendant understands and agrees to abide by the required procedures. The court must determine that the defendant's request for self-representation is unequivocal, that the defendant's assertion of the right to self-representation is made knowingly, intelligently, and voluntarily, and that the defendant will not unduly disrupt the court while acting as counsel in propria persona.

2. The trial court did not abuse its discretion in denying the defendant's motion for self-representation. The request was equivo-

cal, because the record indicates that the defendant entertained some hope that by securing the dismissal of the counsel he then had he would be able to secure the appointment of substitute counsel. The record also supports the trial court's determination that allowing the defendant to represent himself would unduly disrupt the court proceedings.

3. The trial court properly considered the defendant's behavior at trial in imposing sentence. The record, however, does not support the defendant's contention that the trial court punished the defendant for his assertion of his right of self-representation.

4. The trial court did not abuse its discretion in holding the defendant in contempt and in summarily punishing him for that contempt. Because the acts of contempt were committed in the immediate view and presence of the court, and because summary punishment was required to restore order in the courtroom and to ensure respect for the judicial process, summary punishment by the trial court was appropriate.

Affirmed.

Criminal Law — Waiver of Counsel — Self-Representation.

A court, before granting a criminal defendant's request to proceed in propria persona, must determine that the defendant's request for self-representation is unequivocal, that the defendant's assertion of the right to self-representation is made knowingly, intelligently, and voluntarily, and that the defendant will not unduly disrupt the court while acting as counsel in propria persona (MCR 6.005[D]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Kevin A. Lynch*, Senior Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Charles J. Booker*), for the defendant on appeal.

Before: WAHLS, P.J., and YOUNG and J. H. FISHER*, JJ.

WAHLS, P.J. A jury convicted defendant of assault with intent to murder, MCL 750.83; MSA 28.278, and assault with a dangerous weapon, MCL 750.82; MSA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

28.277. Subsequently, defendant pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. The trial court sentenced defendant as an habitual offender to concurrent terms of life imprisonment for the assault with intent to murder conviction and ten to fifteen years' imprisonment for the assault with a dangerous weapon conviction. Defendant appeals as of right. We affirm.

Defendant argues that the trial court erred in denying his motion for self-representation. We disagree. Before granting a defendant's request to proceed in propria persona, trial courts must substantially comply with the waiver of counsel procedures set forth in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), and MCR 6.005(D). *People v Adkins*, 452 Mich 702, 706; 551 NW2d 108 (1996). Substantial compliance requires the court to discuss with the defendant the waiver of counsel requirements set forth in both *Anderson* and the court rule and to determine that the defendant fully understands, recognizes, and agrees to abide by these procedures. *Id.* The trial judge is in the best position to determine whether the defendant has made the waiver knowingly and voluntarily. *Id.*, p 723.

There are three main requirements with which a court must comply in this context. First, the defendant's request must be unequivocal. *Id.*, p 722. Second, the defendant must assert his right to self-representation knowingly, intelligently, and voluntarily. *Id.* In assuring a knowing and voluntary waiver, the trial court must make the defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and that his choice is made with eyes open. *Id.* Third,

the court must establish that the defendant will not unduly disrupt the court while acting as his own counsel. *Id.* In addition, MCR 6.005 requires the trial court to offer the assistance of an attorney and to advise the defendant about the possible punishment for the charged offense. *Id.*

Here, the record indicates that the trial court properly determined that defendant's attempted waiver would be unduly burdensome on the court. Defendant first moved to dismiss his attorney because of an alleged personality conflict in the middle of jury selection. At that time, the court ruled that it would not hear defendant's motion until after jury selection. Later, defendant raised the issue a second time, and the court repeated its ruling. Defendant continued to implore the court, even after the court requested several times that defendant be quiet. Finally, the trial court excused the jurors from the courtroom. After questioning defendant and his counsel, the trial court denied defendant's request, concluding that it would be a "travesty of justice" to allow the withdrawal of counsel and that it believed that defendant was manipulating the court to cause error. Defendant continued to voice his objection, interrupting the court repeatedly. This continued until defendant was handcuffed and removed for the remainder of jury selection.

In addition, the record indicates that the court properly determined that defendant's desire to represent himself was not knowing or intelligent. At the same time as defendant first moved to represent himself, he also moved to substitute counsel. The next day, the trial court considered defendant's motion. After it had questioned defendant and his counsel fur-

ther, the court found that defendant had voluntarily waived his right to representation. At this point, however, the trial court asked if it was defendant's position that he wanted an adjournment to prepare the case. Defendant replied that he would, claiming not to know his attorney's strategy. However, defendant's counsel claimed that he had informed defendant about his trial strategy. The court asked defendant what he hoped to achieve by adjourning the case. Defendant replied that he wanted another attorney. The court responded that it would not appoint a third attorney for defendant. It was at this point that the trial court ruled that defendant had not intelligently waived his right to counsel. The trial court added that it believed that the motion was made for surreptitious reasons and that allowing defendant to represent himself would be an undue inconvenience and burden on the court.

Although the right to proceed in propria persona is guaranteed by the United States Constitution, the Michigan Constitution, and state statute, this right is not absolute. *Adkins, supra,* pp 720, 721, n 16; *People v Dennany,* 445 Mich 412, 426-427; 519 NW2d 128 (1994) (GRIFFIN, J.). Proper compliance with the waiver of counsel procedures requires that the court engage, on the record, in a methodical assessment of the wisdom of self-representation by the defendant. *Adkins, supra,* pp 720-721. The defendant must exhibit an intentional relinquishment or abandonment of the right to counsel, and the court should indulge every assumption against waiver. *Id.,* p 721. The presumption against waiver is in large part attributable to society's belief that defendants with legal representation stand a better chance of having a fair trial than

people without lawyers. *Id.* If a court does not believe the record evidences a proper waiver, the court should note the reasons for its belief and require counsel to continue to represent the defendant. *Id.* Here, indulging every presumption against waiver, the court's reasons for denying defendant's motion were supported by the record. Accordingly, the trial court did not abuse its discretion by denying defendant's motion.

Defendant also argues that the trial court improperly considered his trial behavior in imposing a sentence. We disagree. Deferring to the trial court's superior ability to assess the credibility of witnesses, MCR 2.613(C), there was ample evidence to support the court's finding that defendant feigned an injury to extricate himself from trial. Similarly, when the trial court's comments are read in context, the record does not support defendant's contention that he was punished for asserting his right to self-representation. Finally, the trial court properly considered defendant's trial conduct as one of numerous factors that had negative implications with respect to the defendant's prospects for rehabilitation. See *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995); *People v Eason*, 435 Mich 228, 240; 458 NW2d 17 (1990).

Finally, defendant argues that the trial court abused its discretion in summarily holding him in contempt. We disagree. The issuance of an order of contempt is in the sound discretion of the trial court and will be reviewed for an abuse of discretion. *Deal v Deal*, 197 Mich App 739, 743; 496 NW2d 403 (1993). Imprisonment for criminal contempt is appropriate where a defendant does that which he has been commanded not to do. *In re Contempt of Dougherty*, 429 Mich 81,

93; 413 NW2d 392 (1987). When contempt is committed in the immediate view and presence of the court, it may be punished summarily by fine, imprisonment, or both. MCL 600.1711; MSA 27A.1711; *In re Contempt of Robertson*, 209 Mich App 433, 437; 531 NW2d 763 (1995). Here, the record indicates that defendant repeatedly refused to obey the trial court's orders, even after being warned that he would be held in contempt. As in *In re Contempt of Warriner*, 113 Mich App 549, 555; 317 NW2d 681 (1982), modified on other grounds 417 Mich 1100.26 (1983), summary punishment was required to restore order in the courtroom and to ensure respect for the judicial process. Under these circumstances, there was no need for a hearing before a different judge. *Id.* The trial court did not abuse its discretion by holding defendant in contempt.

Affirmed.