**STATE of Minnesota, Respondent,**

v.

**Theodore Roy LINGWALL, Appellant.**

**No. C2–01–1505.**

Court of Appeals of Minnesota.

Dec. 26, 2001.

Mike Hatch, Attorney General, St. Paul; and Matthew Kent Brokl, Plymouth Prosecuting Attorney, Eagan, for respondent.

Phillip S. Resnick, Phillip S. Resnick & Associates, Minneapolis, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, ANDERSON, Judge, and MULALLY, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

This appeal is from a conviction of and sentence for direct criminal contempt. Appellant Theodore Lingwall was sen-

tenced to three consecutive six-month sentences. We affirm as modified.

## FACTS

Appellant Theodore Lingwall was charged in Hennepin County with driving after cancellation and failure to provide proof of insurance. Lingwall was released on bail pending trial. One of the conditions of his release was that he not consume alcohol.

Lingwall appeared before the district court on June 8, 2001, on a charge that he had violated his conditions of release by testing positive for the use of alcohol. Lingwall's public defender obtained a brief continuance to explore the facts of the alleged violation. When the case was recalled, the public defender asked to have the case set for trial. The court ordered bail set at $12,000, to which the public defender objected. There was then some discussion as to whether the original bail had been forfeited or reinstated. After the court clerk offered a clarification, the court stated:

Okay. So the $5,500 is forfeited, and the $6,000 is substituted in its place. Trial date is ordered.

Lingwall then asked his public defender whether he got the bail bond reinstated. When the public defender replied that the bond was reinstated, Lingwall said, "This is f—king stupid." The following exchanges ensued:

THE COURT: That's contempt, sir, and that is six months.

THE DEFENDANT: I ain't did anything.

THE COURT: You are done.

THE DEFENDANT: My f—king ass.

THE COURT: That's another six months.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

THE DEFENDANT: Suck my d—k, too.

THE COURT: That's another six months. He's up to a year and a half. Take him to the workhouse.

Lingwall appeals, challenging both the conviction and the sentence.

## ISSUES

1. Did appellant's conduct constitute direct criminal contempt?

2. Did the district court err in imposing sentences greater than 90 days?

3. Did the court err in imposing multiple sentences?

## ANALYSIS

### I.

■ Lingwall argues that the profanities he uttered in the courtroom did not constitute contempt because the hearing had already been concluded when they were spoken. When reviewing a challenge to the sufficiency of the evidence, we conduct a painstaking analysis of the record viewed in the light most favorable to the conviction. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). The construction of a statute is a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). The contempt statute defines criminal contempt, in part, as

disorderly, contemptuous, or insolent behavior, committed during the sitting of the court, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority[.]

Minn.Stat. § 588.20, subd. 2(1) (2000).

■ This statute imposes several limitations on the court's power to find a party in direct criminal contempt. The contumacious conduct, first, must occur "during the sitting of the court." *Id.* This language may reflect the historical limitation on the court's summary contempt power to conduct that occurs in "open court." *See Cooke v. United States*, 267 U.S. 517, 536, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925) (explaining that conduct occurring in "open court" justifies presumption that the court saw it and supports dispensing with protections of due process because the authority of the court is at stake in immediate sanctioning of the conduct). On the other hand, some courts have construed the phrase "during the sitting of the court" broadly, to refer to any court "session," meaning a term of the court, and not to the continuation of a particular trial or hearing. *People v. Warriner*, 113 Mich. App. 549, 317 N.W.2d 681, 683–84 (1982). There is no doubt that Lingwall's profane outburst occurred "during the sitting of the court."

The second limitation, that the conduct occur in the court's "immediate view and presence," merely duplicates the definition of "direct" contempt. *See* Minn.Stat. § 588.01, subd. 2 (2000) (defining "direct contempt" as one "occurring in the immediate view and presence of the court"). Again, there is no doubt that Lingwall's conduct occurred in the "immediate view and presence" of the court.

The third limitation restricts criminal contempt to conduct "directly tending to interrupt [the court's] proceedings, or to impair the respect due to its authority." Minn.Stat. § 588.20, subd. 2(1). Lingwall argues that this language limits the contumacious conduct to acts that, because they occur during a trial or hearing, would tend to interrupt the court's proceedings. This construction, however, would read out of the statute the prohibition against conduct that tends "to impair the respect due to [the court's] authority." *Id.; see State v. Wagner*, 555 N.W.2d 752, 754 (Minn.App.

1996) (holding statute should be construed so as to give effect to all of its provisions). Moreover, the record indicates that Lingwall's case was only one matter scheduled on the court's calendar, and his conduct tended to interrupt that calendar as a whole. Thus, we conclude that Lingwall's conduct did constitute direct criminal contempt in violation of Minn.Stat. § 588.20, subd. 2(1).

## II.

Lingwall argues that the district court exceeded the permissible sentence when it sentenced him to jail terms greater than 90 days, the maximum sentence for a misdemeanor.

The supreme court has held that although the misdemeanor contempt statute does not directly limit the court's inherent power to sanction direct contempts summarily, the misdemeanor limit of 90 days should ordinarily be the maximum sentence imposed for such conduct. *State v. Tatum,* 556 N.W.2d 541, 547 (Minn.1996). The court held that although the courts have inherent authority to sentence for contempt, independent of any statutory authorization, they should generally defer, as a matter of comity, to the statutory limits on such sentences. *Id.* Because the district court in *Tatum* cited the contempt statute and gave no indication of its intent to rely on inherent judicial authority, the supreme court remanded the matter to allow the district court to justify the six-month sentence it had imposed. *Id.* at 547–48.

We conclude there are aggravating factors in this case justifying a contempt sentence greater than the ordinary 90–day maximum. Lingwall's stream of profanities constituted a highly aggravated verbal attack on the court's authority. They were extremely disrespectful, totally unprovoked, and continued even in the face

of the court's findings of continued contempt. We conclude that the district court did not err in exceeding the 90–day maximum misdemeanor sentence.

## III.

Lingwall also argues that because his contumacious conduct occurred in the course of a single exchange with the court, it was a single behavioral incident and the district court erred in sentencing him separately on all three findings of contempt. We agree.

The double jeopardy statute, Minn.Stat. § 609.035 (2000), generally prevents imposition of more than one sentence for a single behavioral incident, except when there are multiple victims. *See generally State v. Bookwalter,* 541 N.W.2d 290 (Minn.1995). In determining whether intentional crimes are part of a single behavioral incident, the court focuses on the factors of time and place and whether the offenses were motivated by a single criminal objective. *State v. Brown,* 597 N.W.2d 299, 305 (Minn.App.1999), *review denied* (Minn. Sept. 14, 1999). The statute arguably does not limit the court's inherent authority to punish direct criminal contempt. But the supreme court in *Tatum* recognized that "the principle of comity recommends deference to legislative judgments." *Tatum,* 556 N.W.2d at 547. We conclude that, as a matter of comity, Minn. Stat. § 609.035 should limit the court's sentencing power in this case.

Lingwall's three contumacious statements occurred in the same courtroom, at very nearly the same time. Except for Lingwall's first statement, which was apparently directed at his public defender, they all appeared to have the same objective of flaunting Lingwall's disrespect for the court. We acknowledge the state's argument that the court's pronouncements

of sentence separated the three contumacious statements. But we conclude there was not a sufficient break in Lingwall's conduct to make it separate behavioral incidents. *See generally State v. Jeter*, 558 N.W.2d 505, 507 (Minn.App.1997) (finding that obstruction of legal process and giving false information to police were same behavioral incident where there was no break in time between the acts). Accordingly, we modify Lingwall's sentence by vacating two of the three six-month sentences.

## DECISION

The district court properly found appellant in direct criminal contempt and did not exceed its authority in sentencing him to jail for six months. However, appellant's three profanities constituted a single behavioral incident and, as a matter of comity, sentence should only have been imposed for one of the offenses.

**Affirmed as modified.**