# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 25, 2009

138326

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

MICHAEL STOKES,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138326
COA: 286305
Wayne CC: 04-007072-FC

On order of the Court, the application for leave to appeal the January 22, 2009 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). We write further only to comment on the unusual posture of this case.

Defendant was convicted of assault with intent to commit great bodily harm, MCL 750.84, after representing himself at trial. He was given a prison sentence of 10 to 20 years as a fourth-offense habitual offender, MCL 769.12. Defendant raised five issues in his appeal by right to the Court of Appeals, which court affirmed his conviction. Defendant then raised six issues in his appeal to this Court. For the new issue, defendant stated: "I feel that I was denied assistance of counsel for my defense at trial." Defendant elaborated upon this, contending that he had been compelled to represent himself because the judge made it clear that he either had to do this or else retain his current counsel. He argued that his request to represent himself was not unequivocal as required by *People v Anderson*, 398 Mich 361 (1976). This Court denied defendant's application.

Defendant then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan. Defendant raised several issues in this petition, but did not raise the 'waiver of counsel' issue. Nevertheless, the district court raised the issue sua sponte. *Stokes v Wolfenbarger*, 2008 US Dist LEXIS 12300 (2008), asserting that defendant "has never presented any claim to the state courts which challenges the validity of the waiver of his right to counsel or that his decision to represent himself may have been forced upon him." The district court then decided to hold defendant's petition in abeyance so that defendant could return to state court and

exhaust the 'waiver of counsel' claim. The district court also ordered that defendant could refile an amended petition raising any newly exhausted claims within 60 days of the conclusion of the state post-conviction proceedings.

Defendant then filed a motion in the state circuit court for relief from judgment that raised the waiver of counsel issue. The circuit court denied relief stating,

> There are three main requirements with which a court must comply in this context. First, the defendant's requests must be unequivocal. Second, the defendant must assert his right to self-representation knowingly, intelligently, and voluntarily. In assuring a knowing and voluntary waiver, the trial court must make defendant aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and that his choice is made with eyes open. [*People v Ahumada*, 222 Mich App 612 (1997)]. Third, the court must establish that the defendant will not unduly disrupt the court while acting as his own counsel. *Id*. In addition, MCR 6.005 requires the trial court to offer the assistance of an attorney and to advise the defendant about the possible punishment for the charged offense. *Id*.
>
> Here, the record indicates that defendant's request was unequivocal; the court asked defendant if he wished to represent himself and he answered in the affirmative. The defendant further indicated that he had prior work experience as a paralegal and as a result of that experience was capable of preparing his own trial strategy. Further the court advised defendant of his continued right to counsel and that the counsel assigned to his case was one of the "best in the building." The court also advised defendant of the maximum penalty of the crime for which he was charged. A review of the record indicates that the court properly determined that defendant's desire to represent himself was fully knowing and intelligent. As such, there is no violation of defendant's Sixth amendment right to counsel, and his claim in this regard is without merit.

Defendant then filed an appeal in the Court of Appeals raising the 'waiver of counsel' issue, which court denied defendant's application on the grounds that defendant had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Defendant now seeks leave to appeal in this Court raising the 'waiver of counsel' issue and we deny leave to appeal for the same reason.

As set forth above, the district court was apparently under the mistaken belief that defendant had not raised his 'waiver of counsel' issue in the state courts. In any event, having reviewed the written 'waiver of counsel' form signed by defendant on October 12, 2004, and the 24 pages of transcript that consisted of two separate extended discussions

with defendant over the course of two days, we agree with the trial court that defendant's waiver was unequivocal. Even if this issue was being considered by this Court in the first instance, we would still deny relief from judgment because defendant has not established actual prejudice. MCR 6.508(D)(3)(b). In this latter regard, we note that even though defendant represented himself at trial, his former counsel conducted voir dire and otherwise assisted him as standby counsel throughout the trial.

KELLY, C.J., and CAVANAGH, J., would simply deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 25, 2009

_____
Clerk

s0922