# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LARRY DESHAWN LEE,

      Defendant-Appellant.

UNPUBLISHED
November 14, 2017

No. 333664
Washtenaw Circuit Court
LC Nos. 06-000987-FH
           06-000988-FH

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

In both LC No. 06-000987-FH and LC No. 06-000988-FH, defendant was charged with third-degree criminal sexual conduct (CSC III), MCL 750.520e(1)(a), and fourth-degree criminal sexual conduct (CSC IV), MCL 750.520d(1).[1] The matters were consolidated for trial, and the jury convicted defendant of one count of CSC III and one count of CSC IV. The trial court sentenced defendant to concurrent sentences of 3 to 15 years' imprisonment for the CSC III conviction and nine months in jail for the CSC IV conviction. Defendant appealed by right, and this Court affirmed defendant's convictions and sentences in 2008.[2] The Michigan Supreme Court denied leave to appeal.[3]

This case is again before this Court following the issuance of a federal district court opinion and order conditionally granting defendant's petition for a writ of habeas corpus. *Lee v Haas*, 197 F Supp 3d 960 (ED Mich, 2016). The federal court held that defendant's appellate counsel was ineffective in failing to raise a claim in defendant's prior appeal (in this Court) that his convictions had been obtained in violation of his Sixth Amendment right to self-representation. *Id.* The federal court ordered that defendant be permitted to file an appeal by right in this Court. This appeal followed, relative to the issue that was first raised in the federal

---

[1] The charges related to allegations of sexual assault of two men while they were sleeping or incapacitated.

[2] *People v Lee*, unpublished opinion per curiam of the Court of Appeals, issued September 16, 2008 (Docket Nos. 277551 & 277552).

[3] *People v Lee*, 483 Mich 1132; 767 NW2d 450 (2009).

court proceeding. We now vacate defendant's convictions and sentences, and remand for a new trial.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The facts underlying defendant's convictions are set forth in this Court's prior opinion.[4] In or before October 2006, and before his original trial date of October 23, 2006[5] defendant sent multiple letters to the trial court expressing his dissatisfaction with his court-appointed counsel and stating that he wanted either to represent himself or, if the court would not allow him to represent himself, to have the court appoint substitute counsel or allow another attorney to represent him. In one letter (which reflected that it was not his first), which is undated but refers to a hearing to be held in October 2006, defendant informed the court that he was dissatisfied with his trial counsel's performance and that he had asked his trial counsel "many times to file a motion to withdraw as counsel so that I can excercise [sic] my right to self-representation," and that counsel had refused to file the motion. Defendant stated, "I will represent myself before I let [trial counsel] represent me . . . . I am competent, educated and will take that risk [to represent himself]. Please do intervene and force [trial counsel] to withdraw so that I can represent myself, its my right isn't that correct." Defendant further stated, "If you won't allow me to represent myself, then please appoint me new counsel. I will see you at the motion hearing early Oct. 2006 and will ask that you force [trial counsel] to file the motion to withdraw so that I can represent myself. If you don't appoint me new counsel, I am certain that I am willing and prepared to represent myself. Please make it happen." Finally, he stated, "hopefully you will help my issue and get me on the road to self-representation."

Defendant again told the court in an October 6, 2006 letter that he was "serious about representing [him]self" and that his trial counsel would not withdraw. He stated, "not only do I want to represent myself, it is my right. Thats why I want you to force her to withdraw." With multiple designations of the following as "*Important*," he stated that "only in the event that you will not allow me to self represent myself, and also if you deny me court appointed substitute counsel at the same time. If you do that, I have on my own found a qualified attorney . . . to take the case to relieve [trial counsel]. She's fired!"

Defendant attempted to address the court about "representation" at the conclusion of an evidentiary hearing on October 13, 2016. The trial court acknowledged having received defendant's letters, but made reference only to the competency of defendant's counsel, not defendant's request to represent himself. The trial court stated, "Yeah you wrote me letters about that, Mr. Lee. Stop. You wrote me letters about that. This is your attorney. This is going to be your attorney at trial. There has been so far as I can see effective representation. I'm not going to take any further action on that."

---

[4] *Lee*, unpub op at 1-3.

[5] Defendant's trial ultimately commenced on December 11, 2006.

## II.  STANDARD OF REVIEW

We review for clear error factual findings made by the trial court regarding a defendant's waiver of his right to counsel, but review de novo as a question of law the trial court's ultimate decision to grant or deny self-representation.  See *People v Williams*, 470 Mich 634, 640; 683 NW2d 597 (2004), citing *People v Daoud*, 462 Mich 621, 629-630; 614 NW2d 152 (2000).

## III.  ANALYSIS

Defendant argues that the trial court's failure to conduct an inquiry into defendant's attempted assertion of his right to represent himself, see *Faretta v California*, 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975), *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), and MCR 6.005(D)(1), was a structural error requiring reversal of his convictions and a new trial.  We agree.

The Sixth Amendment of the United States Constitution, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, provides that a person accused of a crime has the right to the assistance of counsel for his defense.  *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004); *People v Kammeraad*, 307 Mich App 98, 122; 858 NW2d 490 (2014).  "The analogous provision of the Michigan Constitution provides that '[i]n every criminal prosecution, the accused shall have the right to . . . have the assistance of counsel for his or her defense[.]' "  *Id*., quoting Const 1963, art 1, § 20 (alterations and ellipsis in original).

"The United States Constitution does not, however, force a lawyer upon a defendant; a criminal defendant may choose to waive representation and represent himself."  *Williams*, 470 Mich at 641.  The right of self-representation is guaranteed by both the Michigan Constitution, Const 1963, art 1, § 13, and by statute, MCL 763.1.  *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013).  The right of self-representation is also implicitly guaranteed by the Sixth Amendment of the United States Constitution.  *Anderson*, 398 Mich at 366, citing *Faretta*, 422 US 806.  "[A]lthough the right to counsel and the right of self-representation are both fundamental constitutional rights, representation by counsel, as guarantor of a fair trial, 'is the standard, not the exception,' in the absence of a proper waiver."  *People v Russell*, 471 Mich 182, 189-190; 684 NW2d 745 (2004) (citations omitted).  Nonetheless, an erroneous denial of the right to self-representation is a structural error requiring reversal of defendant's conviction.  *McKaskle v Wiggins*, 465 US 168, 177 n 8; 104 S Ct 944; 79 L Ed 2d 122 (1984); see also *Washington v Renico*, 455 F 3d 772, 734 (CA 6, 2006), and *People v Brooks*, 293 Mich App 525, 540; 809 NW2d 644 (2011), vacated in part on other grounds and appeal denied in part 490 Mich 993 (2012) (the denial of the right to self-representation amounts to a structural error).

A defendant exercising his right of self-representation must take positive action to assert that right:

> To invoke the right of self-representation: (1) a defendant must make an unequivocal request to represent himself, (2) the trial court must determine that the choice to proceed without counsel is knowing, intelligent, and voluntary, and (3) the trial court must "determine that the defendant's acting as his own counsel

will not disrupt, unduly inconvenience and burden the court and the administration of the court's business." [*Dunigan*, 299 Mich App at 587, quoting *Anderson*, 398 Mich at 367-368; see also *Faretta*, 422 US 835.]

Additionally, a trial court "may not permit the defendant to make an initial waiver of the right to . . . a lawyer" unless the trial court first advises him or her "of the charge, the maximum possible prison sentence . . . , any mandatory minimum sentence . . . , and the risk involved in self-representation," and offers "the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer." MCR 6.005(D).

A trial court need not conduct a *Faretta/Anderson* inquiry when a defendant's request for self-representation is untimely, such as one made after the trial has begun. See *People v Richards*, 315 Mich App 564, 575; 891 NW2d 911 (2016), application for leave to appeal on other grounds held in abeyance 889 NW2d 258 (2017). Therefore, in order to trigger the trial court's obligation to conduct such an inquiry, a defendant's request of self-representation in a criminal trial must be made clearly and unequivocally, and timely. The pivotal question in this case is whether defendant's assertion of his right to represent himself obligated the trial court to conduct such an inquiry. We conclude that it did.

On at least two occasions, defendant specifically requested to represent himself, noted the constitutional nature of his right to do so, and expressly referred to his competence, his education, and his willingness to "take th[e] risk" of representing himself. He clearly expressed his desire to represent himself and his confidence in his ability to do so. His letters represent an unambiguous request for self-representation. The request was made no later than early October 2006, which was well before the original trial date of October 23, 2006, and months before the trial actually began on December 11, 2006. Given these facts, defendant unequivocally and timely requested to waive counsel and represent himself.[6] When defendant made that request, the trial court had a duty at that time to at least "substantially comply" with the waiver of counsel procedures described in *Anderson* and MCR 6.005(D). *People v Ahumada*, 222 Mich App 612,614; 564 NW2d 188 (1997). That inquiry consists of an examination, on the record, of whether defendant's stated choice was voluntary, knowing, and intelligent, in light of the charges and possible prison sentences he faced. *Id*. at 614-615. Here, faced with a timely, unequivocal, and clear request by defendant to self-represent, the trial court made no attempt to comply with the *Anderson* procedures. Had the trial court even conducted any sort of colloquy with defendant on his right to self-representation, we might have been able to review whether substantial

---

[6] Although requests for substitute counsel or expressions of mere dissatisfaction with counsel do not constitute unequivocal requests for self-representation, see, e.g., *United States v Martin*, 25 F3d 293, 296 (CA 6, 1994); *People v Payne*, 27 Mich App 133, 135-136; 183 NW2d 371 (1970), defendant's letters in this case, while expressing dissatisfaction with counsel and alternatively requesting substitute counsel, clearly requested self-representation as defendant's preferred option, with his request for substitute counsel as an alternative only in the event the trial court refused to allow defendant to represent himself.

compliance with *Anderson* and MCR 6.005(D) had been achieved. But as it stands the trial court's failure to inquire further constituted structural error requiring that defendant's convictions be vacated and the he receive a new trial. *McKaskle,* 465 US at 177 n 8; *Washington,* 455 F 3d at 734, *Brooks,* 293 Mich App at 540.

We vacate defendant's convictions and sentences and remand for a new trial. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra