*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICKY LEE HOBBY,

Defendant-Appellant.

UNPUBLISHED
February 17, 2026
2:48 PM

No. 373731
Muskegon Circuit Court
LC No. 2024-000773-FH

Before: FEENEY, P.J., and GARRETT and BAZZI, JJ.

PER CURIAM.

The police went to the residence of defendant, Ricky Lee Hobby, to arrest him on an outstanding warrant. They observed Hobby carrying a rifle and were aware that he could not lawfully possess a firearm because of a prior felony conviction. He was arrested and charged with felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Hobby appeals by right his jury-trial convictions of those offenses. He argues that he is entitled to a new trial because the trial court should have allowed him to represent himself, or, alternatively, the court should have appointed substitute counsel. Because Hobby's arguments do not entitle him to relief, we affirm.

## I. FACTUAL BACKGROUND

On January 25, 2024, law enforcement officers visited Hobby's home, intending to arrest him on an outstanding warrant involving a prior charge unrelated to this appeal. When the officers saw Hobby, he was carrying a rifle over his shoulder. Hobby could not lawfully possess a firearm because of a prior felony conviction. The officers arrested him, and the prosecution charged him with felon-in-possession and felony-firearm.

Before trial, Hobby was twice evaluated for competency, and the trial court determined that he was competent to stand trial both times. On the morning of trial, defense counsel, James A. Marek, requested the trial court to confirm that Hobby still wanted Marek to represent him. After a lengthy discussion between the court and Hobby, followed by a brief conference between Hobby and Marek, Marek continued to represent Hobby. Thereafter, the jury was selected and released for lunch. Once the jury left the courtroom, Marek informed the court that Hobby wanted

-1-

to make a motion. After another lengthy exchange involving the court, Marek, and Hobby, during which Hobby expressed dissatisfaction with the chosen jury, Hobby stated he wanted to represent himself.

The trial court explained to Hobby the charges against him and the maximum penalties. Hobby indicated that he understood. The court also explained that Hobby would be held to the same standard as an attorney if he chose to represent himself. After discussing the matter with Hobby further, the court stated it was convinced that Hobby understood the risks of self-representation, but the court determined that Hobby's self-representation would disrupt the proceeding. The court stated as follows:

> I'm finding that it's this Court's belief that his self-representation will disrupt, unduly inconvenience, or burden the Court in the administration of the Court's business. So because of that, the Court has discretion under People v Anderson, 398 Mich, 368 to deny his request to represent himself, so the Court is denying that request at this time.

> Mr. Hobby, I'm not convinced that you will not disrupt this Court in your self-representation, so the Court is denying your request to self-represent yourself [sic].

The court further explained:

> We already have a jury sworn in. The Court cannot appoint or will not appoint alternative counsel at this point in time because there's a jury sworn in. So at this point in time, we are going to proceed. Mr. Marek is going to represent you. And if there's any objections that you have to his representation, then we're going to take breaks and you can place those objections on the record if you feel those are appropriate.

As previously stated, the jury convicted Hobby as charged. This appeal followed.

II. ANALYSIS

A. REQUEST FOR SELF-REPRESENTATION

Hobby argues that the trial court should have permitted him to represent himself because his request was unequivocal, knowing, intelligent, and voluntary. We review for an abuse of discretion the trial court's ultimate decision regarding a defendant's request to represent himself. *People v Spears*, 346 Mich App 494, 502; 13 NW2d 20 (2023). An abuse of discretion occurs when the court's discretion falls outside the range of reasonable and principled outcomes or when the court makes an error of law. *Id*. We review for clear error the trial court's findings of fact regarding a defendant's waiver of the right to counsel. *People v Williams*, 470 Mich 634, 640; 683 NW2d 597 (2004). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (quotation marks and citation omitted). To the extent that the trial court's ruling regarding self-representation "involves an interpretation of law or the application of a constitutional standard to

uncontested facts, our review is de novo." *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004).

In Michigan, the right to self-representation is afforded by both constitutional and statutory law. *People v Anderson*, 398 Mich 361, 366; 247 NW2d 857 (1976); see Const 1963, art 1, § 13 and MCL 763.1. However, the right is not absolute. *Russell*, 471 Mich at 189. "[O]ther interests, such as the failure to effectively waive the right to counsel or a governmental interest in ensuring the integrity and efficiency of the trial may in some instances outweigh the defendant's constitutional right to act as his own counsel." *Id.* at 189 (quotation marks and citation omitted).]

Before a defendant may represent himself, the trial court must determine that: (1) the request to do so was unequivocal, (2) it was asserted "knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business." *Id.* at 190; see also *Anderson*, 398 Mich at 367-368. The trial court must also comply with MCR 6.005(D)(1), which requires the court to inform the defendant of the charges and penalties he faces, to advise him of the risks of self-representation, and to offer him the opportunity to consult with retained or appointed counsel. *Russell*, 471 Mich at 190-191. The court must substantially comply with these requirements, and, if the court is uncertain whether the requirements were satisfied, it "should deny the defendant's request to proceed in propria persona, noting the reasons for the denial on the record." *Id.* at 191 (quotation marks, citation, and emphasis omitted).

## 1. UNEQUIVOCAL

Hobby argues that his request to represent himself was unequivocal because he made the request several times. This is not correct. Hobby was asked several times if he wished to represent himself, but he made only one unequivocal request to do so when he stated, "Yes, I'm moving to represent myself." See *Williams*, 470 Mich at 643.

Although the trial court did not specifically state that it found Hobby's request unequivocal, the record shows that the court treated it as unequivocal. After Hobby stated that he wanted to represent himself, the trial court moved on to the next step, adhering to the requirements of MCR 6.005(D) and *Anderson*, 398 Mich at 367-368. We defer to the trial court's determination because the court was in the best position to decide whether Hobby desired to represent himself. See *People v Hicks*, 259 Mich App 518, 529; 675 NW2d 599 (2003).

## 2. KNOWING, INTELLIGENT, VOLUNTARY

Once a defendant has made an unequivocal request to proceed *in propria persona*, the trial court must determine if the waiver of counsel was knowing, intelligent, and voluntary. *Anderson*, 398 Mich at 368. A key part of this determination is whether the court substantially complied with the requirements of MCR 6.005(D). *Williams*, 470 Mich at 646-647. However, the "existence of a knowing and intelligent waiver must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Anderson*, 398 Mich at 370. A defendant's competence "is a pertinent consideration in making this determination." *Id.* at 368.

The record clearly indicates that the trial court substantially complied with MCR 6.005(D), but the record reveals questions about Hobby's competency. When the court asked direct questions, Hobby was largely unable to answer them. Instead, he often went on long tangents about matters discussed at previous hearings, or his responses were incomprehensible. Hobby also informed the court that he was unable to read and write, which prompted the court to question if he had been evaluated for competency. The court's inquiry was made after Hobby had been evaluated for competency twice. In addition, Hobby maintained that he had not been previously convicted of a felony despite repeated explanations to the contrary from Marek and the court. Marek also repeatedly noted on the record his reservations that Hobby was competent. However, the court stated it was convinced that Hobby understood the risks of self-representation. A trial court's factual findings regarding a knowing and intelligent waiver should not be disturbed unless clearly erroneous. *Williams*, 470 Mich at 640. Because the trial court was in the best position to assess Hobby's comprehension, we defer to the court's determination regarding his comprehension. See *id.*

### 3. DISRUPT, BURDEN AND INCONVENIENCE THE COURT

A trial court has discretion to deny a defendant's request to proceed *in propria persona*, and denial of the request does not violate the defendant's right of self-representation, if the defendant made the request after trial began and granting the request "would have disrupted, unduly inconvenienced, and burdened the administration of the court's business." *People v Hill*, 485 Mich 912; 773 NW2d 257 (2009); see also *Anderson*, 398 Mich at 368. In the present case, Hobby moved to represent himself after the jury had been selected and sworn. The trial court complied with MCR 6.005(D) and *Anderson*, and ultimately concluded that Hobby's self-representation would be disruptive. The court did not abuse its discretion by so concluding.

The record demonstrates that Hobby repeatedly interrupted the trial court and failed to answer direct questions from the court. He also refused to accept the court's and Marek's repeated explanations regarding his previous felony conviction. Logic dictates that Hobby's self-representation despite his inability to comprehend basic legal principles after repeated explanations would have unduly inconvenienced and burdened the court. Moreover, the record demonstrates Hobby's inability to listen and respond to the court's questions, thereby disrupting and delaying the proceeding. For example, it took Hobby seven transcript pages to answer the court's question whether he wanted to represent himself.

Further, "[t]he presumption against waiver is in large part attributable to society's belief that defendants with legal representation stand a better chance of having a fair trial than people without lawyers." *People v Ahumada*, 222 Mich App 612, 616-617; 564 NW2d 188 (1997). Therefore, "indulging every reasonable presumption against waiver," *id.* at 617, the record supported the trial court's determination to deny Hobby's request.

### B. APPOINTMENT OF SUBSTITUTE COUNSEL

Alternatively, Hobby argues that he was entitled to new counsel because he fundamentally disagreed with Marek, and his relationship with Marek was "irreparably broken." Because Hobby failed to request substitute counsel in the trial court, our review of his argument is limited to plain error affecting his substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d (1999).

"To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. The third requirement generally demands the defendant to demonstrate that the error affected the outcome of the lower court proceedings. *Id*. If those requirements are satisfied, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (quotation marks and citation omitted).

"Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001) (citation omitted). Whether the circumstances constitute good cause is determined on a case-by-case basis. *People v Buie*, 298 Mich App 50, 67; 825 NW2d 361 (2012). "Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest." *People v McFall*, 309 Mich App 377, 383; 873 NW2d 112 (2015) (quotation marks and citations omitted).

Hobby asserts that his relationship with Marek was "irreparably broken," and that they disagreed on "fundamental trial tactics," such as the selection of jurors. The record indicates, however, that the source of Hobby's frustration was the trial court's rulings and his own misunderstanding of the law and the judicial process. For example, Hobby indicated that he alone was able to choose the jury, and the prosecutor had no input regarding jury selection. He also stated that he wanted his "power of attorney" at the counsel table to advise him. Hobby was offered an opportunity to move for substitute counsel or detail his disagreements with Marek before trial, but he failed to inform the trial court of specific issues he had with Marek, and he never requested substitute counsel. In fact, Marek himself asked the court to confirm that Hobby still desired his representation, and Hobby voiced no objection to Marek's representation.

Moreover, the record shows that Marek diligently represented Hobby throughout the proceeding. He objected to evidence, cross-examined witnesses, assisted Hobby in determining whether to testify, and generally advocated on Hobby's behalf. See *Buie*, 298 Mich App at 65. Nothing in the record indicates that Marek was disinterested or failed to diligently represent Hobby. Therefore, Hobby has failed to establish good cause to substitute Marek.

Further, the record shows that appointing substitute counsel would have unreasonably disrupted the judicial process. Hobby contends that substitute counsel should have been appointed when the trial court denied his motion to represent himself. When he made that request, however, the jury had already been selected and sworn. The appointment of substitute counsel would have required the court to adjourn the proceeding to allow new counsel to become familiar with the case, and trial would have been delayed. In these circumstances, the judicial process would have

been significantly disrupted.  Accordingly, Hobby has not demonstrated that the trial court's failure to appoint substitute counsel constituted plain error.

Affirmed.

/s/ Kathleen A. Feeney
/s/ Kristina Robinson Garrett
/s/ Mariam S. Bazzi