Young, J.
In this case, we granted leave to appeal to consider whether a defendant may, by conduct alone, “unequivocally” waive his Sixth Amendment Right to counsel and elect to proceed pro se. We need not reach that question in this case because a review of the record reveals that defendant clearly and unequivocally declined self-representation. We reverse the decision of the Court of Appeals and remand for a new trial.
I. FACTS AND PROCEDURAL HISTORY
Defendant was charged with possession with intent to deliver less than fifty grams of both cocaine and heroin.[1] At the beginning of trial, defendant informed the trial court that he wanted his trial counsel, Damian Nunzio, removed and new trial counsel appointed.[2]
The trial court did not grant defendant’s request, but noted that he “would entertain” the request if defendant presented “some valid reason” to appoint substitute counsel other than “personality difficulties.” Defendant offered no such explanation. After refusing to grant defendant’s request, the trial court offered defendant the following four options:
[O]ur alternatives here are basically these. You may, if you have made arrangements on your own, bring in your *185 own lawyer at your own expense and hire anybody you want, and I will allow that lawyer to substitute right now and we’ll go from here.
Option number two, we can go forward with Mr. Nunzio, the second lawyer that’s been provided for you at government expense, and try this case on the merits. I would strongly suggest that, if Mr. Nunzio thinks you have a valid defense, that you consult with him and work with him on it because he’s a man that knows how to present such a defense.
Or number three, you may decide to serve as your own counsel and represent yourself. I caution you strongly against the third course because obviously a trial involves issues of complicated legal procedure and, unless you are legally trained, and I don’t know whether you are or not hut I suspect you are not, there are many pitfalls there for the unwary.
And that leads us, I suppose, to option four, which is sort of a variation on option number three, in which you provide your own defense but Mr. Nunzio would be available to consult with you and provide you assistance as to technical legal points when you need counsel.[3]
. After defendant continued to indicate that he did not “feel comfortable” with his appointed attorney’s representation, the trial court reminded defendant of his other available options — defendant could retain counsel or he could represent himself:
The Court: And, while I would not advise it, I will certainly guard your rights and see to it that you have the opportunity to present your own defense, if that’s your wish.
Defendant: Well, that’s putting words in my mouth. I—
The Court: Well, then maybe you should put words in your mouth and tell me what you want.
*186 Defendant: I told you. I don’t want Mr. Nunzio as my attorney.
The Court: ... So, your options are really kind of limited.
Defendant: The State has the obligation to give me representation.
At a later point in the proceedings, the following exchange occurred:
The Court: ... And if you can’t cooperate with the man, then you can try the case yourself, and that’s fine. You have a constitutional right to do it. I don’t think it’s a good idea, but I’m here to guarantee your constitutional rights. And if you want to try your case yourself, by goodness, that’s what we’re going to do.
Defendant: Well, that’s what you keep insisting that I do, and I’m, telling you that I need competent counsel.... [Emphasis added.]
Although the trial court then gave defendant several more opportunities to select among the four proffered options, defendant continued to reject all of them. The trial court then empanelled the jury and asked defendant if he had any questions for the panel. Defendant stated:
Yes. Ladies and gentlemen, this is something totally new for me. I’m being forced into this situation ....
I requested the Court appoint new counsel for me, and they said, for some reason being that we’re here and they don’t see the difference — any differences between me and Mr. Nunzio. So they forced me to go on with this trial alone by myself.
After a four-day trial, defendant was convicted of both charges and sentenced to consecutive prison terms of 2V2 to 40 years for each conviction.
The Court of Appeals affirmed defendant’s convictions in a published opinion. The panel concluded that *187 defendant implicitly “made Ms unequivocal choice” to proceed in propria persona “by Ms own conduct” when he continued to reject appointed counsel’s representation.[4]
II. STANDARD OF REVIEW
We review for clear error the trial court’s factual findings surrounding a defendant’s waiver. However, to the extent that a ruling involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo.[5]
III. ANALYSIS
A. THE FEDERAL REQUIREMENTS FOR SELF-REPRESENTATION
The Sixth Amendment provides that the accused in a criminal prosecution “shall enjoy the right... to have the Assistance of counsel for his defence.” US Const, Am VI.[6] This requirement was made applicable to the states through the Due Process Clause of the Fourteenth Amendment.[7] The right to counsel is considered fundamental because it is essential to a fair trial and *188 attaches at the trial stage, which is clearly a critical stage of the proceedings.[8] While a defendant may choose to forgo the assistance of counsel at trial, any waiver of the right to counsel must be knowing, voluntary, and intelligent.[9] In addition, it is a long-held principle that courts are to make every reasonable presumption against the waiver of a fundamental constitutional right,[10] including the waiver of the right to the assistance of counsel.[11]
In Faretta v California,[12] the United States Supreme Court held that a defendant “has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so.”[13] While the Faretta majority noted that the framers of the Constitution never *189 imagined that the right of self-representation “might be considered inferior to the right of assistance of counsel,”[14] the United States Supreme Court has also noted that the “right to self-representation is not absolute.”[15] Indeed, because a defendant automatically enjoys the right to the assistance of counsel,[16] and the right of self-representation and the right to counsel are mutually exclusive, a defendant must elect to conduct his own defense “ ‘voluntarily and intelligently,’ ”[17] and must be made aware of the dangers and disadvantages of self-representation “in order to”[18] proceed pro se.[19] Therefore, while the right of self-representation is a fundamental constitutional right, other interests, such as the failure to effectively waive the right to counsel or a governmental interest in “ensuring the integrity and efficiency of the trial” may in some instances outweigh the defendant’s constitutional right to act as his own counsel.[20] In sum, although the right to counsel and the right of self-representation are both fundamental con *190 stitutional rights, representation by counsel, as guarantor of a fair trial, “is the standard, not the exception,”[21] in the absence of a proper waiver.
B. MICHIGAN’S APPLICATION OF THE FEDERAL STANDAKD
In People v Anderson,[22] this Court applied the Faretta standard for self-representation and established requirements regarding the judicial inquest necessary to effectuate a valid waiver and permit a defendant to represent himself. Upon a defendant’s initial request to proceed pro se, a court must determine that (1) the defendant’s request is unequivocal, (2) the defendant is asserting his right knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant’s self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court’s business.
In addition, a trial court must satisfy the requirements of MCR 6.005(D), which provides in pertinent part as follows:
The court may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first
(1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
*191 (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.
In Adkins, this Court clarified the scope of judicial inquiry required by Anderson and MCR 6.005(D) when confronted with an initial request for self-representation. Adkins rejected a “litany approach” in favor of a “substantial compliance” standard:
We hold, therefore, that trial courts must substantially comply with the aforementioned substantive requirements set forth in both Anderson and MCR 6.005(D). Substantial compliance requires that the court discuss the substance of both Anderson and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures. The nonformalistic nature of a substantial compliance rule affords the protection of a strict compliance rule with far less of the problems associated with requiring courts to engage in a word-for-word litany approach. Further, we believe this standard protects the “vital constitutional rights involved while avoiding the unjustified manipulation which can otherwise throw a real but unnecessary burden on the criminal justice system.”
Completion of these judicial procedures allows the court to consider a request to proceed in propria persona. If a judge is uncertain regarding whether any of the waiver procedures are met, he should deny the defendant’s request to proceed in propria persona, noting the reasons for the denial on the record. The defendant should then continue to be represented by retained or appointed counsel, unless the judge determines substitute counsel is appropriate.[23]
Under Adkins, if the trial court fails to substantially comply with the requirements in Anderson and the court rule, then the defendant has not effectively *192 waived his Sixth Amendment right to the assistance of counsel. In addition, the rule articulated in Adkins provides a practical, salutary tool to be used to avoid rewarding gamesmanship as well as to avoid the creation of appellate parachutes: if any irregularities exist in the waiver proceeding, the defendant should continue to be represented by counsel.
C. RESOLUTION
In this case, a review of the record indicates two key facts: first, that defendant expressly rejected self-representation and, second, that defendant never voluntarily waived his Sixth Amendment right to the assistance of counsel at trial.[24] Indeed, defendant clearly sought appointment of another trial counsel, and defendant and the trial court engaged in a lengthy dialogue over defendant’s desire to have substitute counsel appointed.
While defendant was given clear choices, defendant consistently denied that his choice was self-representation. Throughout his colloquy with the trial court, defendant steadfastly rejected the option of proceeding to trial without the assistance of counsel.[25] Therefore, it cannot be said, as the Court of Appeals and *193 dissenting opinions maintain, that defendant unequivocally chose self-representation and voluntarily waived his Sixth Amendment right to counsel.[26]
We believe that defendant’s repudiation of self-representation was unmistakable in this case. However, to the degree that defendant’s refusal to explicitly choose between continued representation by appointed counsel and self-representation created any ambiguity regarding defendant’s desire to unequivocally waive his right to trial counsel, any ambiguity should have been resolved in favor of representation because, consistently with Adkins and United States Supreme Court precedent, courts must indulge every reasonable presumption against the waiver of the right to counsel.[27]
*194 IV CONCLUSION
Because defendant unequivocally rejected self-representation and did not voluntarily waive his right to the assistance of counsel at trial, the trial court erred in requiring defendant to proceed in propria persona. The clear cut rule articulated by this Court in Adkins requires that counsel should have been retained where defendant explicitly rejected self-representation.[28] Accordingly, the decision of the Court of Appeals is reversed and the case is remanded to the trial court for a new trial.[29]
Cavanagh, Kelly, Weaver, and Taylor, JJ., concurred with Young, J.

 MCL 333.7401(2) (a) (iv).

 Mr. Nunzio was defendant’s second appointed attorney. Defendant’s first appointed attorney withdrew after defendant complained about counsel’s representation.

 Thus, two of the four options presented to defendant involved forms of self-representation.

 254 Mich App 11, 17; 656 NW2d 817 (2002).

 See People v Attebury, 463 Mich 662, 668; 624 NW2d 912 (2001); People v Daoud, 462 Mich 621, 629-630; 614 NW2d 152 (2000).

 Likewise, Const 1963, art 1, § 20 provides that the accused in a criminal prosecution “shall have the right... to have the assistance of counsel for his ... defense.” Our Michigan Constitution is not at issue here because the federal Supremacy Clause, US Const, art VI, cl 2, requires that we apply the federal constitutional analogue to the degree that our Constitution provides less protection to a criminal defendant. California v Ramos, 463 US 992; 103 S Ct 3446; 77 L Ed 2d 1171 (1983). This case does not present an opportunity to discern whether our Constitution provides a right of self-representation that is greater than its federal counterpart.

 Gideon v Wainwright, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963).

 Id.

 Iowa v Tovar, 541 US 77; 124 S Ct 1379; 158 L Ed 2d 209 (2004); Godinez v Moran, 509 US 389; 113 S Ct 2680; 125 L Ed 2d 321 (1993); Patterson v Illinois, 487 US 285, 292 n 4; 108 S Ct 2389; 101 L Ed 2d 261 (1988).

 The principle that every reasonable presumption should be indulged against the waiver of a fundamental constitutional right has a longstanding pedigree in federal constitutional law. See Hodges v Easton, 106 US (16 Otto) 408, 413; 1 S Ct 307; 27 L Ed 169 (1882) (“It has been often said by this court that the trial by jury is a fundamental guaranty of the rights and liberties of the people. Consequently, every reasonable presumption should be indulged against its waiver.”).

 Johnson v Zerbst, 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938) (every reasonable presumption should be indulged against the waiver of counsel); Michigan v Jackson, 475 US 625, 633; 106 S Ct 1404; 89 L Ed 2d 631 (1986); Martinez v Court of Appeal of California, 528 US 152, 161; 120 S Ct 684; 145 L Ed 2d 597 (2000) (noting that there is a “ ‘strong presumption against’ ” waiver of counsel) (citation omitted); People v Adkins (After Remand), 452 Mich 702; 551 NW2d 108 (1996).

 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). In Faretta, the majority identified a “nearly universal conviction” that forcing representation on an unwilling defendant “is contrary to his basic right to defend himself if he truly wants to do so.” Id. at 817 (emphasis added).

 Id. at 807 (emphasis added). See also Martinez, supra at 154. In Michigan, the right of self-representation is a right explicitly conferred in *189 our Constitution. See Const 1963, art 1, § 13. This right has been afforded to the citizens of Michigan since 1850. See Const 1850, art 6, § 24.

 Faretta, supra at 832.

 Martinez, supra at 161.

 The right to the assistance of counsel is automatic; assuming the right is not waived, assistance must be made available at critical stages of a criminal prosecution, regardless whether the defendant has requested it. United States v Wade, 388 US 218, 223-227; 87 S Ct 1926; 18 L Ed 2d 1149 (1967); Carnley v Cochran, 369 US 506, 513; 82 S Ct 884; 8 L Ed 2d 70 (1962).

 Martinez, supra at 161 (citation omitted).

 Faretta, supra at 835.

 Moreover, even once properly elected, self-representation may he terminated or standby counsel appointed, over a defendant’s objection. Faretta, supra at 834 n 46. Standby counsel may participate in the trial proceedings, without the express consent of the defendant, as long as that participation does not “seriously undermin[e]” the “appearance before the jury” that the defendant is representing himself. McKaskle v Wiggins, 465 US 168, 187; 104 S Ct 944; 79 L Ed 2d 122 (1984).

 Martinez, supra at 162.

 Id. at 161. See also United States v Martin, 25 F3d 293, 295 (CA 6, 1994) (“While the right to self-representation is related to the right to counsel, the right to self-representation is grounded more in considerations of free choice than in fair trial concerns.”).

 398 Mich 361; 247 NW2d 857 (1976). See also People v Dennany, 445 Mich 412; 519 NW2d 128 (1994).

 Adkins, supra at 726-727 (emphasis added; internal citation omitted).

 Because defendant clearly and unambiguously rejected self-representation, we need not address whether a defendant’s desire to proceed pro se may ever be inferred by conduct.

 Defendant did not have the right to a third appointed counselor, because no defendant is entitled to the appointed counselor of his choice. See Wheat v United States, 486 US 153; 108 S Ct 1692; 100 L Ed 2d 140 (1988); People v Ginther, 390 Mich 436; 212 NW2d 922 (1973); People v Portillo, 241 Mich App 540; 616 NW2d 707 (2000). Rather, the decision to permit substitution of appointed counsel is within the discretion of the trial court. People v Hooper, 406 Mich 978; 280 NW2d 444 (1979). In this case, defendant does not argue that the trial court abused its discretion in failing to appoint substitute counsel; rather, defendant argues before this *193 Court that the trial court reversibly erred because defendant did not unequivocally waive his right to counsel and did not elect to represent himself.

 As the dissent notes, there are some federal circuit court cases holding that an unreasonable insistence on the appointment of a new attorney operates as a waiver of the right to counsel. This view is in contravention of the principle articulated in Johnson. Until the United States Supreme Court sees fit to distinguish or overrule Johnson, this Court is required to follow it. Moreover, it does not logically follow that a defendant affirmatively waives a fundamental constitutional right simply because he insists on a favorable ruling on something to which he is not entitled. Under the theory advocated by the dissent, if a defendant were to insist on empanelling only left-handed jurors, his insistence would constitute an affirmative waiver of his right to a jury trial even if he explicitly indicates that he desires a jury trial.

 Because defendant’s waiver of his right to the assistance of counsel at trial was not voluntary, we need not address whether defendant’s waiver was knowing and intelligent. It is worth noting, however, that an effective waiver of trial counsel requires a more exacting waiver than that required to waive counsel at pretrial stages of the proceedings. See Iowa v Tovar, supra, 124 S Ct 1387-1388; 158 L Ed 2d 220-221 (requiring that a defendant “must be warned specifically of the hazards ahead” and that those warnings surrounding waiver of counsel at trial be “rigorousfly] conveyed”) (emphasis added; citation omitted).

 In this instance, the trial court should have simply denied defendant’s request to appoint another counsel and continued with the proceedings. Defendant’s acceptance of the trial court’s discretionary ruling was not required.

 The complete denial of counsel at a critical stage of a criminal proceeding is a structural error that renders the result unreliable, thus requiring automatic reversal. Gideon v Wainwright, supra; People v Duncan, 462 Mich 47, 51-52; 610 NW2d 551 (2000).