# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEFFERY JOE SHAW,

        Defendant-Appellant.

UNPUBLISHED
September 24, 2015

No. 319914
Gratiot Circuit Court
LC No. 12-006627-FH

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

RONAYNE KRAUSE, P.J. *(concurring)*

I concur in the result reached by the majority. However, I respectfully disagree with much of the majority's reasoning. I conclude that the trial court erred only by failing to make an adequate record. While I believe it is reasonably inferable from the record that the trial court probably had an adequate basis for rescinding defendant's asserted right to represent himself, I am forced to conclude that, under the circumstances, that probability is simply not enough for this Court to sustain the trial court's decision.

It is readily apparent that the basis for the trial court's revocation of defendant's right to represent himself was based on the trial court's agreement with the prosecutor that defendant had a poor comprehension of the applicable substantive and procedural law. The prosecutor expressed a concern that defendant would bring a surfeit of frivolous motions. The trial court opined that defendant had "a basic misunderstanding . . . of the nuances of the law that he is charged with and the procedures and rules that apply in the context of these proceedings," which "compromise the defendant and his liberty." The trial court therefore found defendant unable "to adequately represent himself." In other words, the trial court seemingly was concerned with defendant's incompetence.

No defendant has an absolute right to self-representation, and both our jurisprudence and our collective experience teaches us that representation by counsel is both the expected standard and usually best for everyone. *Martinez v Court of Appeal of California, Fourth Appellate Dist*, 528 US 152, 161; 120 S Ct 684; 145 L Ed 2d 597 (2000). The right to self-representation does not extend to permitting a defendant to flout the substantive law or the rules of procedure. *Faretta v California*, 422 US 806, 834 n 46; 95 S Ct 2525; 45 L Ed 2d 562 (1975). A defendant is not entitled to represent himself if the trial court finds that doing so would "disrupt, unduly inconvenience, and burden the court and the administration of the court's business." *People v*

*Russell*, 471 Mich 182, 190; 684 NW2d 745 (2004). I believe that a fair reading of the entire record suggests that the trial court would not have been out of line in concluding that, indeed, defendant showed every sign of proving to be an impermissible disruption and burden; therefore, his right to represent himself would properly have been forfeit.

However, I also believe that this Court is bound to the findings that the trial court *actually made on the record*. The trial court's expressed basis for terminating defendant's right to self-representation was, as noted above, a concern that defendant was incompetent. As the majority observes, the United States Supreme Court has held that a defendant's "technical legal knowledge" may simply not be considered a basis for determining the propriety of an asserted right to self-representation. *Faretta*, 422 US at 836. Nevertheless, I think it obvious that a defendant's ignorance of law and procedure could ultimately have the effect of disrupting and burdening the administration of justice to the point of warranting a denial of the right to self-representation.

A sufficiently bumbling and incoherent defense with more interruptions to address irrelevancies than actual substance could turn a trial into a farce and no court is obligated to entertain that scenario. However, the trial court here never arrived *on the record* at the conclusion that defendant would, in fact, be such a disruption, but rather only that he was inept. A necessary corollary of the right to self-representation is that the defendant need not represent himself well, so long as it has been adequately established that the defendant is fully aware of what they are doing and can do so without making a mockery of the courtroom and the law. Although I believe that the trial court *could* have found that defendant's self-representation would have been impermissibly disruptive, the trial court *did not*. Because this Court is limited to correcting errors and the record as it is, I therefore reluctantly am compelled to join in the result reached by the majority.[1]

/s/ Amy Ronayne Krause

---

[1] I also disagree with the majority's discussion of the trial court's initial requirement that defendant consult with advisory counsel and I find it irrelevant and am not considering it further.