*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 15, 2020

Plaintiff-Appellee,

v

No. 346559
Macomb Circuit Court
LC No. 2017-000895-FH

FRANK KING,

Defendant-Appellant.

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

SWARTZLE, P.J. (*concurring*)

I concur dubitante in the majority opinion. I write separately to point out the Alice-in-Wonderland quality of applying the *Carines* plain-error standard to the question of whether a criminal defendant has knowingly, voluntarily, and intelligently waived the right to legal counsel.

The complete deprivation of counsel during critical stages of criminal proceedings is a "structural" constitutional error, see *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963); *People v Russell*, 471 Mich 182, 194 n 29; 684 NW2d 745 (2004)—in layperson's terms, the type of error that deprives a defendant of the "basic protections without which a criminal trial cannot reliably serve its function for determination of guilt or innocence," *Neder v United States*, 527 US 1, 8-9; 119 S Ct 1827; 144 L Ed 2d 35 (1999) (cleaned up). For the reasons stated in the majority opinion, I join my colleagues in concluding that defendant's waiver of counsel prior to trial was not knowing, voluntary, or intelligent. Thus, defendant's deprivation of counsel during a critical stage of the proceedings was a structural constitutional error.

Had defendant preserved this constitutional claim for appellate review, we would have considered it de novo, his conviction by no-contest plea would have been vacated, and he would have been entitled to a new trial on remand. And yet, based on our Supreme Court's precedent, I cannot fault the majority for applying *Carines* plain-error standard to defendant's claim and, under that standard, I agree that defendant has not made his case for appellate relief.

But I question in the first instance whether it makes sense to require a criminal defendant to preserve a claim that his waiver of legal counsel was not knowing, voluntary, and intelligent when two aspects of this standard—knowing and intelligent—would seem to be practical, if not

-1-

necessary, predicates to knowing enough to preserve the claim in the first place. Generally speaking, to preserve an issue for appellate review, this Court requires that the issue be raised before the trial court, usually by objection or motion. It is not uncommon that, in the heat of litigation, even experienced trial attorneys might fail to preserve meritorious claims for appellate review.

If we do not know whether a criminal defendant has the information or mental wherewithal to make a knowing and intelligent waiver of counsel, how can we expect the defendant to have the information or mental wherewithal to know that he must make an objection to preserve the claim that his waiver was not knowing or intelligent? And here, it is even worse, because we *know* that defendant did not make a knowing and intelligent waiver, but we still expect him to have had the knowledge and intelligence to make the objection that his waiver was not knowing and intelligent. Frankly, the circular reasoning makes my head spin—and not just my own. See, e.g., *People v Bugajski*, unpublished per curiam opinion of the Court of Appeals, issued June 18, 2020 (Docket No. 347475), p 4 n 1 (applying the plain-error standard to the same claim "while also noting the absurdity of how a defendant would typically preserve this issue in similar cases"); see also *United States v Stanley*, 739 F3d 633, 644 n 2 (CA 11, 2014) (surveying various approaches to this issue across the federal circuits).

As the majority ably sets out, the colloquy at the plea stage did cover the same types of topics that should have been covered at the waiver-of-counsel stage. But by the latter stage, critical time for pretrial preparation had passed, a jury had been selected, opening statement and the judge's preliminary instructions had been made, and testimony had been presented—all of this occurred during a period of time for which we know defendant did not make a valid waiver of counsel. It is possible that, by the time of his plea, standby counsel had provided defendant with sufficient information for defendant to make a valid no-contest plea, as the majority explains. Thus, I do not find it inconsistent to conclude that there was a valid no-contest plea at a later stage in the criminal proceedings, but also that the valid plea does not necessarily or fully cure the deficiencies at the earlier waiver-of-counsel stage, especially with respect to whether defendant should have known to object to the deficient waiver. Given the high bar of the *Carines* plain-error standard, however, I cannot conclude that defendant is entitled to appellate relief under that standard, for the reasons explained by the majority.

The better approach, in my opinion, would be to jettison the *Carines* plain-error standard with respect to a defendant's claim of deficient waiver of legal counsel under the Sixth Amendment. Simply put, we should not expect a criminal defendant to have the information or mental wherewithal to know to make an objection to preserve the appellate right to challenge the waiver of legal counsel when we do not even know whether the defendant had the information or mental wherewithal to waive the right in the first place. Standards of review matter, and I encourage our Supreme Court to revisit this issue.

Accordingly, I concur dubitante in the majority opinion.


/s/ Brock A. Swartzle