*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FLINT JAMES CONVERSE,

        Defendant-Appellant.

UNPUBLISHED
May 19, 2022

No. 355874
Jackson Circuit Court
LC No. 19-001076-FH

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by right his bench-trial conviction of operating a motor vehicle while intoxicated (OWI), third offense, MCL 257.625(1). He was sentenced as a second-offense habitual offender, MCL 769.10, to 18 to 90 months' imprisonment. We hold that the trial court failed to obtain a valid waiver of counsel before allowing defendant to represent himself at trial. Accordingly, we reverse and remand for a new trial.

The charge arose when police discovered defendant in an alleged intoxicated state after he crashed his vehicle into a railroad sign. Defendant subsequently failed a field sobriety test, and a blood test revealed that his blood alcohol content was approximately .19, well over the legal limit. He was eventually charged with OWI, third offense.

At a pretrial hearing on May 7, 2019, defendant expressed to the trial court his desire to represent himself in the proceedings. The following exchange took place:

> [*Defense Counsel*]:    [Defendant] indicated to me that he would prefer to represent himself and not have me represent him any further.
>
> *The Court*:    Okay. Is that correct[?]
>
> [*Defendant*]:    Yes, your Honor.

| | |
|---|---|
| *The Court*: | Okay. Do you understand that you have the right to have representation? |
| [*Defendant*]: | Yes. |

The trial court then allowed defendant's attorney to withdraw, informing defendant that he was free to tell the court at any point if he changed his mind concerning self-representation.

At a subsequent pretrial hearing on July 9, 2019, defendant informed the trial court that at his earlier arraignment in front of the magistrate, he had told the magistrate that he wished to proceed pro se, but counsel was nevertheless appointed to represent defendant.[1] At later hearings over the next year, the trial court merely noted, at the start of each proceeding, that defendant still wished or preferred to represent himself. At the commencement of defendant's bench trial on September 23, 2020, the trial court and defendant engaged in the following colloquy:

| | |
|---|---|
| *The Court*: | Okay. Good morning, Mr. Converse, we are on the record this morning and we are scheduled today for a bench trial. So a trial before the Court on this file. And I think we must have done that waiver on the record already, so I think we're covered there.[2] |
| | So, Mr. Converse, Mr. Curtis [standby counsel] is in the room for you. And I know that you want to represent yourself on this file, but I just want to make sure that you understand that Mr. Curtis is here if you have any legal questions. |
| | If you want to have him represent you that's something the Court could arrange for you if you've changed your mind about representing yourself. And then if at any point you have a legal question for Mr. Curtis we can maybe have him log on to Zoom and go into a breakout room with you to answer any questions that you have, because you do have the right to have an attorney represent you. |
| | Do you understand all of those things, Mr. Converse? |
| [*Defendant*]: | Yes. |

---

[1] At the hearing on July 9, 2019, defendant voiced some concerns and showed some confusion regarding his apparent waiver of the preliminary examination in the district court, which occurred in April 2019. The trial court agreed to remand the case to the district court for a preliminary examination. At the preliminary examination on August 8, 2019, the district court simply noted that defendant had chosen to represent himself in the proceedings. The district court bound defendant over for trial on the OWI charge.

[2] This appears to be a reference to defendant's waiver of his right to a jury trial.

> *The Court*:    Okay. Is it still your intention to go forward with your bench trial today and represent yourself?
>
> [*Defendant*]:    Yes. . . . .

The bench trial commenced, and defendant was convicted and sentenced as indicated earlier. The trial court also ordered defendant to pay court costs, fines, and attorney fees of $948. Defendant filed a motion for new trial, arguing that his waiver of counsel was invalid because the trial court failed to substantially comply with the legal requirements regarding waivers of counsel. The trial court denied the motion, reasoning that defendant was continuously advised of his right to counsel, was provided standby counsel, and clearly and unequivocally voiced his desire to waive his right to counsel. This appeal followed.

On appeal, defendant argues that the right to counsel is fundamental, that courts must indulge every presumption against its waiver, that the trial court in this case never obtained a knowing, intelligent, and voluntary waiver of counsel, that defendant never validly waived his right to counsel, and that the error was structural and thus required reversal. More specifically, defendant maintains that the trial court did not substantially comply with the requirements of MCR 6.005(D) and the principles espoused by our Supreme Court in *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976), before allowing defendant to represent himself. Defendant also contends that the trial court erred by imposing court costs and attorney fees without establishing a factual basis for the costs and fees.

In general, this Court reviews for clear error the trial court's factual findings underlying a defendant's waiver of counsel. *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004). But "to the extent that a ruling involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *Id*. (citations omitted).

"The Sixth Amendment of the United States Constitution, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, provides that '[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence.' " *People v Kammeraad*, 307 Mich App 98, 122; 858 NW2d 490 (2014) (citation omitted; alteration and ellipsis in original). "The analogous provision of the Michigan Constitution provides that '[i]n every criminal prosecution, the accused shall have the right to . . . have the assistance of counsel for his or her defense[.]' " *Id*., quoting Const 1963, art 1, § 20 (alterations and ellipsis in original).

"The right of self-representation is secured by both the Michigan Constitution, Const 1963, art 1, § 13, and by statute, MCL 763.1." *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). "The right of self-representation is also implicitly guaranteed by the Sixth Amendment of the United States Constitution." *Id*. "[A]lthough the right to counsel and the right of self-representation are both fundamental constitutional rights, representation by counsel, as guarantor of a fair trial, 'is the standard, not the exception,' in the absence of a proper waiver." *Russell*, 471 Mich at 189-190 (citations omitted). The *Russell* Court reviewed its earlier decision in *Anderson* and MCR 6.005(D), observing:

In *People v Anderson*, this Court applied the . . . standard for self-representation and established requirements regarding the judicial inquest necessary to effectuate a valid waiver and permit a defendant to represent himself. Upon a defendant's initial request to proceed pro se, a court must determine that (1) the defendant's request is unequivocal, (2) the defendant is asserting his right knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business.

In addition, a trial court must satisfy the requirements of MCR 6.005(D), which provides, in pertinent part, as follows:

> The court may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first
>
> (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
>
> (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

In [*People v*] *Adkins* [*(After Remand)*], [452 Mich 702; 551 NW2d 108 (1996),] this Court clarified the scope of judicial inquiry required by *Anderson* and MCR 6.005(D) when confronted with an initial request for self-representation. *Adkins* rejected a "litany approach" in favor of a "substantial compliance" standard[.] [*Russell*, 471 Mich at 190-191 (citations omitted).[3]]

---

[3] In *Adkins*, 452 Mich at 720-721, our Supreme Court explained:

> Proper compliance with the waiver of counsel procedures set forth by this Court is a necessary antecedent to a judicial grant of the right to proceed in propria persona. Proper compliance requires that the court engage, on the record, in a methodical assessment of the wisdom of self-representation by the defendant. The defendant must exhibit an intentional relinquishment or abandonment of the right to counsel, and the court should indulge every reasonable presumption against waiver of that right. [Quotation marks and citations omitted.]

We may not presume waiver from a silent record. *Id.* at 721.

"If a defendant has waived the assistance of a lawyer, the record of each subsequent proceeding . . . need show only that the court advised the defendant of the continuing right to a lawyer's assistance . . . and that the defendant waived that right." MCR 6.005(E). And before such proceedings commence, "the defendant must reaffirm that a lawyer's assistance is not wanted . . . ." MCR 6.005(E)(1).

"The complete denial of counsel at a critical stage of a criminal proceeding . . . is a structural error requiring automatic reversal." *People v Arnold*, 477 Mich 852 (2006); see also *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005) ("It is well established that a total or complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal."). "The right to counsel is considered fundamental because it is essential to a fair trial and attaches at the trial stage, which is clearly a critical stage of the proceedings." *Russell*, 471 Mich at 187-188. Important for purposes of the instant appeal, the presence of standby counsel will not negate an otherwise total deprivation of the right to counsel. *Willing*, 267 Mich App at 228.

We initially address a preservation issue. When defendant purported to waive his right to counsel, he did not concomitantly argue to the trial court that the waiver was invalid because the court failed to follow the requirements of MCR 6.005(D) and *Anderson* and its progeny. To expect this of a pro se defendant seems a bit nonsensical. Defendant did raise the issue regarding whether the waiver was valid in his motion for new trial. Our Supreme Court is currently contemplating "whether the standard of review for unpreserved constitutional errors set forth in *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999) [plain-error test], should apply where a criminal defendant argues on appeal that his waiver of counsel was invalid." *People v King*, 964 NW2d 34 (2021). Because we conclude that defendant is entitled to a new trial regardless of whether we treat the waiver issue as preserved or unpreserved and subject to the plain-error test, we shall proceed on the assumption that the issue was unpreserved.

We hold that the trial court failed to substantially comply with the legal requirements associated with obtaining a valid waiver of counsel. With respect to MCR 6.005(D), the trial court did not advise defendant of the maximum possible prison sentence when making the decision to allow defendant to proceed pro se. More importantly, the trial court never advised defendant of the risks involved in self-representation. With regard to the *Anderson* criteria, the trial court did not make a determination that defendant was asserting the right to self-representation knowingly, intelligently, and voluntarily through a colloquy advising defendant of the dangers and disadvantages of self-representation. There is nothing in the record here even close to reflecting such a determination or colloquy. And although the record could be interpreted as demonstrating that defendant's request to represent himself was unequivocal, we cannot give much weight to this demonstration when defendant was never advised of the risks, dangers, and disadvantages of self-representation. The trial court never engaged in any discussion with defendant that would support a determination that he was intelligently waiving his right to counsel, and there was certainly no methodical assessment of the wisdom of his decision to represent himself.

In a cursory appellate brief, which acknowledges that "the record is not ideal," the prosecution contends that defendant "was made aware of the dangers of self-representation by [the district court] prior to the preliminary examination." The prosecution provides no supporting page

citation to the transcript of the preliminary examination, nor does the prosecution indicate exactly what the district court told defendant that could reasonably be construed as informing defendant of the dangers of self-representation. We have reviewed the preliminary examination transcript, and there is no language from which one could even infer that the district court informed defendant of the dangers of self-representation. After obtaining defendant's acknowledgement that he was representing himself, the court told defendant that the hearing was "to see if there's enough evidence against you for this case to go forward." The district court then explained to defendant that the prosecution had the burden of establishing probable cause and that defendant did not have to prove anything. The court also informed defendant that he was not required to testify and that if he did testify, the prosecution could cross-examine defendant. The explanations the district court gave defendant did not pertain to the risks and dangers of self-representation.

On the record before us, we conclude that the trial court did not obtain a valid waiver of counsel. As a result, defendant was deprived of counsel during a critical stage of the proceedings: the bench trial at a minimum. This was structural error, and it was plain. *Carines*, 460 Mich at 763. With respect to the third element of the plain-error test, i.e., that the plain error affected substantial rights or prejudiced defendant, *id.*, we assume prejudice because the error was structural. *People v Davis*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 161396); slip op at 17 ("[T]he existence of a forfeited structural error alone satisfies the third prong of the plain-error standard, and a defendant need not also show the occurrence of outcome-determinative prejudice."). With respect to the fourth factor under the plain-error test, the *Carines* Court stated:

> Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence. [*Carines*, 460 Mich at 763-764 (quotation marks, citation, and brackets omitted).[4]]

In *Davis*, ___ Mich at ___; slip op at 18-19, our Supreme Court recently explored this final element of the plain-error test in the context of a structural error, ruling:

> We take this opportunity to hold that a forfeited structural error creates a formal presumption that this prong of the plain-error standard has been satisfied. . . . A trial that has been rendered fundamentally unfair or had its framework affected by structural error is generally one whose fairness, integrity, or public reputation has been damaged. . . . Given th[e] conceptual overlap between the third and fourth prongs of the plain-error standard and that a forfeited structural error automatically satisfies the third prong of the plain-error standard, a forfeited structural error is very likely to also satisfy the fourth prong of the plain-error test.

---

[4] We cannot conclude that the error resulted in the conviction of an actually innocent defendant.

"The formal rebuttable presumption in cases of forfeited structural error will shift the burden to the prosecutor to demonstrate that the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding." *Id.* at ___; slip op at 19.

In this case, the prosecution has not rebutted or even attempted to rebut the presumption. Indeed, the prosecution has not even argued that the issue was unpreserved, let alone address the plain-error test. In sum, we conclude that all four prongs of the plain-error test have been satisfied and that defendant is entitled to reversal of his conviction and remand for a new trial.[5]

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

---

[5] Because defendant is entitled to a new trial, there is no need to address defendant's argument challenging the assessment of court costs and attorney fees in relation to the judgment of sentence.